IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONNIE JOHNSON,<br><br>               Plaintiff,<br><br>   v.<br><br>CHICAGO BOARD OF EDUCATION,<br><br>               Defendant. | Case No. 05 C 4294<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lonnie Johnson (hereinafter, the "Plaintiff") alleges that the Chicago Board of Education (hereinafter, "the Board") violated Title VII of the Civil Rights Act of 1964 by discriminating against her because of race and sex, and by retaliating against her for filing charges with the Equal Employment Opportunity Commission (the "EEOC"). The Board has moved for Summary Judgment.

### I. **LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if it could affect the outcome of the suit under the governing law, and a dispute is genuine where the evidence is such

that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view all the evidence and any reasonable inferences therefrom in the light most favorable to the non-moving party. *See Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000).

**A.   Failure to Respond to the Rule 56.1 Statement**

In a Motion for Summary Judgment, the movant initially has the burden to identify portions of the record that the movant believes shows the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 319 (1986). Once this burden is met, the nonmovant must "set forth specific facts showing that there is a genuine issue of fact for trial," and may not rely solely upon their pleading. FED. R. CIV. P. 56(e); *Becker v. Tenenbaum-Hill Associates, Inc.*, 914 F.2d 107, 110 (7th Cir. 1990).

Pursuant to Local Rule 56.1(a)(3), the movant must submit a statement of material facts in the form of short numbered paragraphs supported by specific references to the factual record. *See also, Duncan v. Lamanna*, 2003 WL 21960344 (N.D. Ill. Aug. 14, 2003). The nonmovant must respond to each such paragraph (including specific references to the factual record in the case of disagreement) in accordance with Local Rule 56.1(b)(3). *Wilcox v. American Stores*, 2002 WL 31654938 (N.D. Ill. Nov. 22, 2002). If the nonmovant fails to do so, all material facts in the movant's

statement are deemed admitted. Local Rule 56.1(b)(3)(B); *Cichon v. Exelon Generation Co. L.L.C.*, 401 F.3d 803, 810 (7th Cir. 2005); *Duncan*, 2003 WL 21960344; *Wilcox*, 2002 WL 31654938. The Seventh Circuit has "endorsed the exacting obligation[s] these [local] rules impose on a party contesting summary judgment" and has "repeatedly upheld their strict enforcement . . . ." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994); *Wilcox*, 2002 WL 31654938.

Courts have required even *pro se* plaintiffs to respond sufficiently to a Rule 56.1 statement. *See Wilcox*, 2002 WL 31654938 at *2. According to Local Rule 56.2, any party who moves for summary judgment against a *pro se* plaintiff must provide that plaintiff with a form entitled "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as well as file that document with the court. This Court became aware that the Board did not comply with Local Rule 56.2 after receiving Plaintiff's first response to the summary judgment motion. At that time, the Court supplied the Plaintiff with the form and directed the Plaintiff to file a supplementary response, cautioning Plaintiff that her response needed to respond to Defendant's 56.1 statement and include legal reasons why summary judgment should not be granted. Plaintiff filed a supplementary response, generally asserting that the Board's 56.1 statement "is full of lies and inaccuracies," but

otherwise failed to respond to the motion due to Plaintiff's asserted mental illness.

As such, this Court deems the facts set forth by the Board as undisputed. To do otherwise would obligate this Court to "scour the record looking for fact disputes," a task which is inconsistent with our adversary system of justice. *Waldridge*, 24 F.3d at 922. This court will not scour the record on Plaintiff's behalf. Thus, this Court's task becomes merely to determine whether, "given the undisputed facts, summary judgment is proper as a matter of law." *Wienco, Inc. v. Katahn Associates, Inc.*, 965 F.2d 565, 568 (7th Cir. 1992).

## II. BACKGROUND

Plaintiff is an African-American female custodian employed by the Board and staffed at Sauganash Elementary School (hereinafter, "Sauganash") since May 2003. Christine Munns ("Munns")(also a Board employee) was at all relevant times the principal at Sauganash. Plaintiff is the only Board-employed custodian staffed at Sauganash. Plaintiff's immediate supervisor at Sauganash was the Factor Janitor, Michael Suvanto ("Suvanto")(also a Board employee), and the only other custodian staffed at Sauganash was Steve Wozny ("Wozny"), under the employ of A & R Cleaning Company ("A & R"), a corporation providing janitorial services on an independent contract basis. Wozny was staffed at Sauganash from the time that Plaintiff arrived until June 2005.

Wozny's and Plaintiff's employment differed.  Because Wozny was not an employee of the Board, he was not subject to the Board's collective bargaining agreement with the union representing custodians.  The Board did not determine Wozny's pay or benefits and did not review his performance, whereas Munns periodically reviewed Plaintiff's performance.  Plaintiff works according to a schedule set by Suvanto and Munns, whereas Wozny was directed by A & R to work hours that roughly coincided with student attendance, and did not report his hours into the Board's electronic time-keeping system.

Plaintiff and Wozny roughly split the custodial duties at Sauganash; Plaintiff cleaned the first floor while Wozny cleaned the second.  Wozny cleaned the grounds, but the two shared responsibilities for the basement and the gymnasium/lunchroom.  When Plaintiff was first assigned to Sauganash, she cleaned the only modular unit.  Later, when a new modular unit was added, she cleaned that unit and Wozny cleaned the older unit.  Plaintiff does not allege that her general duties were discriminatory.  At all relevant times, Plaintiff received good reviews.

Plaintiff alleges both sex and race discrimination. Plaintiff alleges that Wozny was treated more favorably than her and that the assignment to clean the old modular unit (before the second was added) constituted sex and race discrimination.  She also believes that being required to clean the areas assigned to Wozny while

Wozny was absent and after his permanent departure constituted sex and race discrimination.

Plaintiff also alleges sex and race discrimination based on being required to clean bathrooms regularly assigned to Wozny when he left work early on Mondays to go bowling. According to Plaintiff, when she met with Munns and Suvanto to contest these extra bathroom cleaning duties, Munns said that "women do it better" and to "just do it." However, neither Munns nor Suvanto told Plaintiff that "women do it better"; instead, Munns reminded Plaintiff that she was required to comply with reasonable directives to meet Sauganash's cleaning needs and that, based on teachers' feedback, her cleaning was superior to Wozny's. In March 2004, Munns asked Plaintiff to clean a bathroom usually cleaned by Wozny to comply with the directives of an inspector who had cited the bathroom's cleaning (specifically the tiles) as deficient. Plaintiff refused. Finally, Plaintiff decided to clean three pieces of the tile per day.

In November 2004, Plaintiff, Suvanto, and Wozny were standing outside Munns office, talking. Munns directed them not to congregate by her office. Plaintiff alleges that she complied, but that Suvanto and Wozny did not. Plaintiff did not notify Munns that the two were still standing outside her office approximately fifteen minutes later.

Plaintiff claims several additional incidents of race discrimination. First, in Fall 2004, Plaintiff found a flyer in a Sauganash tool closet. The flyer depicted six photographs of people of an unknown race or ethnicity, and contained the phrases "Ghetto Omar" and "Look at my teeth." Plaintiff admits that she does not know toward which race or ethnicity the flyer was directed, but believes it was directed towards her as an African American because of the "Ghetto Omar" text and because her teeth are in need of dental care. Plaintiff never reported the flyer or spoke about it. Second, on May 9, 2006, a student directed a racial epithet at Plaintiff, and later apologized. Plaintiff did not report the incident. Third, on May 16, 2006, an unknown person spit at Plaintifff in the 6600 Block of North Cicero Avenue; Plaintiff believes the incident was racially motivated, but did not report it. Fourth, Plaintiff alleges that between May 2003 and July 2006, unknown persons (not Sauganash employees) drove by school grounds and yelled racial slurs. Plaintiff complained only to her doctor about the incidents.

Additionally, Plaintiff alleges unlawful retaliation. Plaintiff alleges that she was required to submit for drug and alcohol testing on June 10, 2004 in retaliation for filing EEOC charges complaining of sex and race discrimination. Plaintiff reported this testing to the EEOC in one of her prior EEOC charges; she received her Right to Sue letter in July 2004. Plaintiff makes

no allegations of retaliation or a racially hostile environment in the EEOC charge that underlies her complaint in this case. Plaintiff also alleges that where she, Wozny, and Suvanto were asked to not congregate in the area near Munns' office was retaliatory.

Plaintiff also alleges that a cautionary notice received after a dispute about entering school grounds during non-working hours was retaliatory. After Wozny's departure, Plaintiff notified Munns that she intended to enter the school building during non-working hours to clean a bathroom that was previously assigned to Wozny. Munns informed Plaintiff that she was not authorized to do so, instructed Plaintiff to perform her duties only during scheduled working hours, and advised Plaintiff that she would not receive compensation for unauthorized overtime. Munns asserts that part of her concern regarding Plaintiff's possible presence in the building outside of scheduled working hours stemmed from an on the job injury Plaintiff suffered in February 2005. In September 2005, Plaintiff received a cautionary notice indicating that she entered the building on weekend days and remained past scheduled hours without notice. The notice suggested that she perform work only during scheduled hours and that she would not be paid for unauthorized overtime. This notice did not result in disciplinary suspension or preclude Plaintiff from receiving her scheduled pay increase for the 2006-2007 school year. Plaintiff believes that

this notice was unfair because some teachers enter the school building on weekends.

### III. **DISCUSSION**

#### A. **Discrimination Claims**

Discrimination may be established by either the "direct method" or "indirect method." *Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 751 n. 3 (7th Cir. 2006). Both of these methods will be considered.

##### *1. Discrimination by the Direct Method*

###### *a. Racially Hostile Work Environment Claims*

The Board alleges that summary judgment should be granted as to Plaintiff's racially hostile work environment claim because these allegations were not included in the EEOC charge underlying this suit. A plaintiff in a federal discrimination suit generally cannot bring a claim in a federal lawsuit that was not included in her EEOC charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The gist of the charge underlying this action is that Plaintiff was subjected to "different terms and conditions of employment" because she is a Black female. Specifically, it alleges that she was forced to complete the duties of her non-Black, male co-worker, forced to do harder duties while her co-worker does lighter ones, and that her co-worker and supervisor "drink on the job."

A plaintiff who wishes to include a discrimination claim in her complaint that was not in her EEOC charge must show that the new claim: (1) is like or reasonably related to the EEOC charges, and (2) reasonably could develop from the EEOC's investigation into the original charges. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976). A claim in an EEOC charge is "reasonably related" to a federal claim if it involves the same conduct and same individuals. *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). In *Rizzo v. Ball Horitcultural Co.*, 2005 WL 1126538 (N.D. Ill. Apr. 20, 2005), a court found that allegations in an EEOC charge of being excluded from a single meeting, being denied unspecified opportunities and promotions, and being demoted and terminated based on unspecified instances of discrimination were not "reasonably related" to a federal claim of hostile work environment. *Id.* at *2. The *Rizzo* court distinguished a case where the plaintiff also alleged specific instances of discrimination, but noted in her charge that her complaint was based on "sex discrimination and harassment." *Id.* (citing *Haugerud v. Amery School Dist.*, 259 F.3d 678, 690 (7th Cir. 2001)). The court concluded that "because [plaintiff] filed an EEOC charge that broadly claimed that she was a victim of race and age discrimination, she cannot expand her charge to include a hostile work environment claim." *Id.*

*Rizzo* is squarely on point. Here, Plaintiff alleged specific instances of race and sex discrimination and made no mention of harassment. Plaintiff cannot be allowed to file a broadly worded EEOC charge and then expand her claims in federal court to include "related conduct that took place in connection with the employment relationship." *Id.* at *3 (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). Thus, the Board's motion for summary judgment is granted as to Plaintiff's racially hostile environment claim.

### b. Sex Discrimination

In order to state a *prima facie* case of sex discrimination, Plaintiff must put forth evidence that demonstrates that she was a member of a protected class and as a result suffered the adverse employment action of which she complains. Plaintiff alleges that in response to her complaint regarding being asked to clean the second floor bathroom, Munns told her to "just do it" and "women do it better." Defendants argue that to the extent that Plaintiff's sex discrimination claim is based on the alleged "women do it better" comment, it is time-barred.

Title VII requires the filing of a timely charge with the EEOC, the receipt of a notice of right to sue in order to commence a federal suit, and suit within 90 days of receiving this notice. 42 U.S.C. § 2000e-5; *E.E.O.C. v. Harris Chernin, Inc.*, 10 F.3d 1286, 1288 n.3 (7th Cir. 1993). A plaintiff may not reallege a

prior charge's allegations in a new charge in order to restart the 90-day period; this would "render the 90-day limit for filing lawsuits 'meaningless' [by] allow[ing] the plaintiff to 'evade [the filing requirement] simply by seeking additional Notices of Right to Sue whenever he pleased." *Blalock v. Bethesda Lutheran Homes and Services, Inc.*, 2002 WL 31833693 at *3 (N.D. Ill. Dec. 16, 2002); *see also Martini v. A. Finkl & Sons Co.*, 1996 WL 667816 (N.D. Ill. Nov. 15, 1996). As such, once the 90-day period expires, a court is precluded from adjudicating any allegations contained in a previous charge. *Id.*

Although Plaintiff filed several EEOC charges prior to the one which underlies this complaint, she did not sue within the 90-day period following the notices of right to sue. (Surprisingly, this Court has been provided with copies of only Plaintiff's June 24, 2004 charge and the current charge.) Any allegations from her charges made prior to the one underlying this action cannot be adjudicated. The problem, however, is that Plaintiff's June 24, 2004 charge alleges discrimination in only the most general of terms: "I believe I have been discriminated against because of my race, Black, sex, female . . ."

This Court believes that Plaintiff has attempted to resurrect allegations from her June 2004 charge in this complaint. Although the Plaintiff does not specifically refer to being asked to clean the annex to Sauganash between June 2003 and December 2003, to

being forced to clean a bathroom on the second floor, or to Munns' alleged sexist comment, these incidents predated the June 2004 charge and are undoubtedly "like or reasonably related to" the allegations contained in that charge. *See, Blalock*, 2002 WL 31833693 at *4. This is not the case articulated in *Martini*, where the court declined to use the "like or reasonably related to" test to determine whether a subsequent charge realleged allegations from a first charge. *Martini,* 1996 WL 667816. There, the court would have had to interpret *later* events of a discriminatory *and* a retaliatory nature to have been "like or reasonably related to" allegations of discrimination included the first charge. *Id.* Here, rather, this Court believes that the cleaning duties were the very discriminatory acts to which Plaintiff (albeit implicitly) referred in the June 2004 charge. As such, Munns' comment and the 2003 and 2004 cleaning assignments cannot be considered by this Court.

Without these, this Court believes that Plaintiff cannot establish sex discrimination under the direct method of proof. Under the direct method, the plaintiff must present "evidence that, if believed by the trier of fact, would prove discriminatory conduct on the part of the employer without reliance on inference or presumption. *Cerutti v. BASF Corp.*, 349 F. 3d 1055, 1060-61 (7th Cir. 2003). "Direct evidence essentially requires an admission by the decision-maker that his actions were based upon

the prohibited animus," *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003), but a plaintiff can also "prevail by constructing a convincing mosaic of circumstantial evidence that allows a jury to infer intentional discrimination by the decisionmaker." *Phelan v. Cook County*, 463 F. 3d 773, 779 (7th Cir. 2006). After eliminating Munns' alleged comment from its consideration, this Court is left with next to nothing on which to base such proof or from which to construct such a "convincing mosaic." Plaintiff admits that the general division of labor between her and Wozny was not discriminatory and cites no other evidence indicating any gender bias. As such, the Board's motion for summary judgment is granted as to Plaintiff's direct sex discrimination claim.

### *2. Discrimination by the Indirect, Burden-Shifting Method*

In order to show discrimination via the *McDonnell* indirect, burden-shifting method, a plaintiff must show that (1) she is a member of a protected class; (2) she performed her job satisfactorily; (3) she suffered a materially adverse employment action; and (4) similarly situated employees outside her protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Beamon v. Marshall & Islay Trust Co.*, 411 F.3d 854, 861 (7th Cir. 2005).

Plaintiff alleges race and sex discrimination on the grounds that: (1) she was assigned to clean a modular unit between June

and December 2003; (2) in March 2004, Munns directed her to clean a bathroom on the second floor in response to an inspector's directives; (3) she was assigned additional duties after Wozny no longer performed services for the Board; and (4) when she, Wozny, and Suvanto were directed not to loiter outside the principal's office, only she complied with the request (Plaintiff speculates that because Wozny and Suvanto remained, and were not disciplined, they received favorable treatment).

As an initial matter, the Board asserts that the first two allegations are time-barred, as they concern events that predate Plaintiff's June 2004 EEOC charge. As explained above, this Court agrees that the allegations were "reasonably related" to Plaintiff's June 2004 EEOC charge and are thus time-barred.

The Board argues that Plaintiff's other two allegations (that she was assigned additional duties after Wozny ceased working at Sauganash and that only she complied with a request to not loiter outside Munns' office) do not state a cause of action for race or sex discrimination under the *McDonnell* test because Plaintiff's alleged comparators, Wozny and Suvanto, are not similarly situated. In order to show that she and another employee are similarly situated, a plaintiff must demonstrate: (1) "she and her fellow employee dealt with the same supervisor; (2) were subject to the same standards; and (3) had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish

their conduct or the employer's treatment of them." *Baucom v. City of Des Plaines*, 2003 WL 21316847 (N.D. Ill. June 6, 2003). An employee is not similarly situated to her supervisor, *id.* at 14; thus, Plaintiff may not use Suvanto as a comparison. It is undisputed that Wozny, an independent contractor, was subject to different standards than Plaintiff: Wozny was not subject to the Board's collective bargaining agreement, was only nominally supervised by Suvanto and Munns (A & R set Wozny's salary, reviewed his performance, and determined his benefits), and had hours established by A & R, not Sauganash. Plaintiff's and Wozny's pay and benefits packages differed greatly. As such, this Court does not believe that Plaintiff has identified a similarly situated employee, and thus grants the Board's summary judgment motion as to the sex and race discrimination via the indirect method.

### B. Retaliation

The Board asserts that summary judgment should be granted as to Plaintiff's retaliation claim because the claim is time-barred and because there is a lack of evidence to support it.

As noted above, a plaintiff may not reallege an earlier EEOC charge in a subsequent EEOC charge. *Blalock*, 2002 WL 31833693 at *3; *see also Martini*, 1996 WL 667816. A court is precluded from adjudicating the portions of a plaintiff's complaint that deal with such realleged incidents. *Id.*

In her complaint, Plaintiff alleges that she was retaliated against after she filed EEOC charges by being subjected to drug and alcohol testing. However, Plaintiff admits that this drug and alcohol testing occurred on June 10, 2004. This testing was the subject of Plaintiff's June 2004 EEOC charge. Plaintiff also alleges that this testing was retaliatory in the EEOC charge underlying her present suit. As such, this Court is precluded from considering the June 10, 2004 testing in evaluating the Board's motion for summary judgment.

Plaintiff offers only two other allegations in support of her retaliation claim: (1) the incident in November 2004 when Plaintiff, Wozny, and Suvant were asked to vacate the area near Munns' office and (2) the September 2005 notice cautioning her not to enter the school building without authorization on weekends and advising her that she would not receive compensation for unauthorized overtime. Defendant argues, and this Court agrees, that these allegations are not sufficient to constitute a cause of action for retaliation.

In order for retaliation to be actionable, it need not take the form of an adverse employment action; however, "petty slights and minor annoyances" are insufficient. *Nair v. Nicholson*, 464 F.3d 766, 768 (7th Cir. 2006) (citing *Burlington Northern and Santa Fe Ry. v. White*, ____ U.S. ____, 126 S. Ct. 2405, 2409, 2414 (2006)). The test is wether the alleged retaliation would "be

likely to deter a reasonable employee from complaining about discrimination." *Id.* at 768-69.

The actions alleged by Plaintiff to be retaliatory simply are not sufficient to constitute retaliation. Being directed by Munns not to stand and chat at the threshold of Munns' office is at most a minor annoyance. The cautionary notice fares no better. The notice appears to reiterate established rules; Plaintiff was not permitted to enter the school building on weekends and had previously been told so by Munns. While receiving the notice was apparently insulting to Plaintiff, she suffered no loss of pay or benefits. Even taken together, these two incidents are not sufficient to "be likely to deter a reasonable employee from complaining about discrimination." *Id.*

## IV. CONCLUSION

For the reasons stated herein, the Board's Motion for Summary Judgment is **granted.**

**IT IS SO ORDERED.**

   Harry D. Leinenweber, Judge
   United States District Court

Dated:   January 31, 2007